**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SKY BATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23 C 5531** |
| | ) | |
| **CITY OF CHICAGO, C.E. ALEQUIN,** | ) | |
| **and T.J. ALEXANDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Sky Bates was a passenger in a vehicle that was stopped by officers of the Chicago Police Department.  The officers searched Bates and recovered a weapon.  Bates pled guilty to one count of aggravated unlawful use of a weapon (AUUW).  Bates has sued the arresting officers and the City of Chicago.  She seeks damages for violations of the Fourth Amendment.  The defendants have moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Court converted that motion into a motion for summary judgment because the defendants had supported their motion with materials outside the four corners of Bates's complaint.  For the reasons below, the Court denies the motion for summary judgment.

### Background

In October 2022, Bates was a passenger in the backseat of a vehicle traveling near the intersection of Kolmar Avenue and Gladys Avenue in Chicago.  Officers Alexander and Alequin stopped the car, allegedly because they were familiar with the

driver.  During the stop, another officer observed a passenger in the front seat pass an item to Bates.  The officer asked the passengers what had been passed, and they responded that they had exchanged the license and insurance information.  The officers proceeded to search and arrest Bates and the other passenger.  Bates was charged with four counts of aggravated unlawful use of a weapon, 720 Ill. Comp. Stat. Ann. 5/24-1.6(a)(1), for carrying a loaded firearm in a vehicle without a Firearm Owner's Identification Card or a license under the Firearm Concealed Carry Act and while she was under twenty-one years old**.**  In 2025, Bates pled guilty to one count, and the remaining counts were resolved by entry of a writ of nolle prosequi.  The driver, whom Bates alleges was a confidential informant, was not ticketed or arrested.

In August 2023, Bates filed this lawsuit along with the other passenger, Tutankhamen Lee.  She asserted Fourth Amendment claims under 42 U.S.C. § 1983 based on an unlawful search and false arrest and sought compensatory and punitive damages.  The Court dismissed Lee's claim without prejudice for failing to pay the filing fee.  Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the case was stayed while Bates's state court proceedings were ongoing.  After Bates's guilty plea, this lawsuit resumed, and the defendants filed a motion to dismiss for failure to state a claim. Because the defendants had supported their motion with material outside Bates's complaint, the Court exercised its authority under Rule 12 and converted that motion into a motion for summary judgment.

## Discussion

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists when, after drawing all reasonable inferences from the record in favor of the nonmoving party, a reasonable trier of fact could return a verdict for the nonmovant.  *Id.*

The party seeking summary judgment bears the initial burden of establishing that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has met this burden, the party that bears the ultimate burden at trial must identify "specific, admissible evidence showing that there is a genuine dispute of material fact for trial." *Grant v. Trs. of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017).  If the party with the burden of proof cannot show that each essential element of its claim or defense is factually supported, summary judgment against that party is appropriate.  *Celotex*, 477 U.S. at 323–24.

The Court must first contend with two preliminary matters.  First, Bates filed several responses and memoranda of law, and the defendants ask the Court to strike or disregard these documents.  After the defendants filed their motion and the Court converted it to a summary judgment motion, the Court directed Bates to file a response by October 31, 2025.  Bates filed a response, a memorandum of law, and another copy of the response (albeit labeled as a memorandum of law) on October 16, 2025.  On October 30, 2025, she filed two more memoranda, which introduced for the first time a contention related to "nonjudicial misconduct and conspiratorial administrative abuse under color of law" in her state criminal case.  Dkt. 52 at 7.

Bates ran afoul of this District's rules through her multiple filings because they

collectively exceeded the maximum number of pages allowed for Bates's response to the motion for summary judgment. The Court will nonetheless consider all of Bates's filings, because they do not meaningfully differ from one another, and the first response contains Bates's successful argument. In the future, however, Bates, like any other party, may file only one document in response to a motion. The Court will strike future duplicative filings and will only consider the document that Bates files first. Bates should also know that she cannot assert new legal claims, like the claim of misconduct in her state criminal case, in a response to a motion or (at this stage of the case) without leave from the Court. The Court does not consider that claim.

The second preliminary issue is the scope of Bates's Fourth Amendment claim. Bates's complaint referred to unlawful searches and also to unlawful arrest or detention. *See* Compl. ¶¶ 9, 16. Her response to the motion for summary judgment, however, states only that "[t]he officers conducted a warrantless search and seized items from Plaintiff's person without probable cause." Pl.'s Resp., dkt. 47 at 2. Aside from once employing the generic term "unreasonable search and seizure under the Fourth Amendment[,]" *id.* at 6, Bates no longer references a claim for false arrest or unlawful detention. Because the defendants directly challenged the false arrest/unlawful detention claim, Bates's failure to respond to it amounts to an abandonment or forfeiture of that claim, so the Court dismisses it. The Court will address on the merits only Bates's unlawful search claim.[1]

---

[1] Contrary to defendants' motion, in which they characterize Bates's claim as alleging only "that the defendants falsely arrested her and illegally detained her," Def.'s Mot. to Dismiss at 1, Bates's complaint expressly references a search without probable cause. *See* Compl. ¶ 9.

Turning to the merits, the defendants contend that Bates's Fourth Amendment claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a "district court must dismiss a § 1983 action if a judgment in favor of the plaintiff in that § 1983 action would necessarily imply the invalidity of his criminal conviction or sentence." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014); *see Heck*, 512 U.S. at 487. In other words, *Heck* prevents a plaintiff from bringing claims that are "incompatible with [a plaintiff's] conviction." *Gilbert v. Cook,* 512 F.3d 899, 902 (7th Cir. 2008). On the other hand, claims that "will *not* demonstrate the invalidity of the conviction should be allowed to proceed." *Helman*, 742 F.3d at 762.

Bates's unlawful search claim is not barred by *Heck*. In *Heck*, the Court "acknowledged that [a plaintiff] could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the [plaintiff] at trial, because success on the merits would not '*necessarily* imply that the plaintiff's conviction was unlawful.'" *Nelson v. Campbell,* 541 U.S. 637, 647 (2004) (quoting *Heck,* 512 U.S. at 487 n.7). The Seventh Circuit has held many times that Fourth Amendment claims for unreasonable searches and seizures typically are not *Heck*-barred as they do not necessarily imply the invalidity of a conviction. *See, e.g.*, *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit."); *see also Easterling v. Moeller*, 334 F. App'x 22, 23–24 (7th Cir. 2009) (collecting cases).

A plaintiff's Fourth Amendment claim is barred by *Heck* when "specific factual allegations in the complaint are necessarily inconsistent with the validity of the

5

conviction[,]" even if a plaintiff contends that his civil suit does not challenge his conviction. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006); *see Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).[2]  But in this case, Bates's allegation of an unlawful search does not undermine her conviction.  Bates pled guilty to one count of AUUW, which was described in the certified statement of conviction/disposition as based on her possession of a firearm in a vehicle with no Firearm Owner's Identification Card.  *See* Def.'s Mot. to Dimiss, Ex. A at 1.  The statute under which Bates was charged, 720 ILCS 5/24-1.6(A)(1), prohibits a person from carrying "on or about his or her person or in any vehicle or concealed on or about his or her person . . . any pistol, revolver, stun gun or taser or other firearm." *Id*.  Bates does not dispute that she carried a firearm in a vehicle.  Instead, she argues that the officers lacked probable cause for the search that yielded the firearm.  A lack of probable cause for the search would not necessarily invalidate her conviction, as *Heck* requires, as courts do not always suppress illegally seized evidence.  *See Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010).  And a successful Fourth Amendment claim would not require the Court to find that Bates never possessed a firearm, but instead that she was unlawfully searched.  Bates's damages for unreasonable search, if she prevailed, likely would be nominal given her conviction on the underlying offense, but her unreasonable search claim is not barred by *Heck*.

---

[2] The defendants cite a line of cases in which courts have held that *Heck* barred section 1983 claims brought by defendants who argued that they were framed or that officers planted evidence on them.  *See* Def.'s Mot. to Dismiss at 3–4.  Bates does not argue that an officer planted the gun on her or fabricated evidence, so that line of cases is inapposite.

The Seventh Circuit has also made it clear that a claim of unlawful search and seizure is not barred by an underlying criminal conviction where the plaintiff was convicted pursuant to a guilty plea rather than after a trial. In this situation, the court has stated, "the conviction does not rest in any way on evidence that may have been improperly seized." *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017) (quoting *Haring v. Prosise*, 462 U.S. 306, 321 (1983)). *See also, e.g., Rollins v. Willet*, 770 F.3d 575, 576 (7th Cir. 2014).

In their reply, the defendants cite a footnote from *Heck*. That footnote explained that a challenge to an unreasonable search may not be barred by *Heck* because "for example . . . such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful" given doctrines of harmless error, inevitable discovery, and independent source. *Heck*, 512 U.S. at 487 n.7. The defendants say that the inevitable discovery and independent source doctrines do not apply to the facts here, as there was no alternative source of the firearm nor would the firearm have inevitably been discovered. That much is true, but the defendants' reading of *Heck* is improperly narrow. Footnote seven provided one example of when a "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, [so] the action should be allowed to proceed[.]" *Id.* at 487. The broader holding of *Heck* still applies, as does the Seventh Circuit's position that Fourth Amendment claims generally survive *Heck* .

Given that Bates prevails in arguing that the *Heck* bar does not apply, the Court need not consider her other arguments against summary judgment. The Court also notes that it is conceivable that Bates litigated and lost, in the criminal case, a

contention that the search was unlawful.  If so, her claim might be barred by the doctrine of issue preclusion.  But the defendants have not raised this contention, so the Court does not address it here.

Finally, the defendants argue that Bates's indemnification claim against the City of Chicago cannot stand because her underlying constitutional claim against the police officers lacks merit.  Because Bates's constitutional claim survives summary judgment, Bates's indemnification claim survives, too.

## Conclusion

For the foregoing reasons, the Court denies the converted motion for summary judgment [dkt. 44].  Discovery may proceed.  All discovery is to be completed by April 30, 2026.  A telephonic status hearing is set for February 13, 2026 at 8:55 a.m., using call-in number 650-479-3207, access code 2305-915-8729.  Both Ms. Bates and counsel for defendants must call in at that date and time.

MATTHEW F. KENNELLY
United States District Judge

Date:  January 23, 2026